UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------

SHERRIANNE REECE and SYBERT WALFORD,

                      Plaintiffs,

              v.

SHC EQUITIES LLC and ANTHONY G. SCOTT,

                      Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-1129 (MKB)

-------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

Plaintiffs Sherrianne Reece and Sybert Walford, proceeding *pro se*, commenced the above-captioned action on February 26, 2019 against Defendants SHC Equities LLC and Anthony G. Scott. (Compl., Docket Entry No. 1.) Plaintiffs allege that "Defendant[s] fraudulently transferred [the] deed" to property located at 1406 East 85th Street, Brooklyn, New York, 11236 (the "Property"), and seek a court order instructing Defendants to return the deed "to its original state prior to fraudulent change." (*Id.* at 5–6.)[1] For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiffs thirty (30) days to file an amended complaint.

**I. Background**

Plaintiffs allege that Defendants "fraudulently transferred [the] deed" to the Property. (*Id.* at 5.) Plaintiffs "request that the Court order[] [Defendants] to return [the] deed of [the]

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

Property to its original state prior to fraudulent change." (*Id.* at 6.)

Plaintiffs seek to invoke the Court's diversity jurisdiction, but state that both Plaintiffs and both Defendants are citizens of New York. (*Id.* at 2, 4–5.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, if the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 416–17 (2d Cir. 2015) (noting that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. The Court lacks subject matter jurisdiction

Federal courts are courts of limited jurisdiction and may not hear cases if they lack subject matter jurisdiction over the issues presented. *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). The statutory provisions for federal subject matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A plaintiff properly invokes section 1331 jurisdiction when he or she pleads a colorable claim "arising under" the Constitution or laws of the United States. *Id.*

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and defendant are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' i.e. all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction.").

The Court does not have jurisdiction over Plaintiffs' claims. Although Plaintiffs attempt to invoke the Court's diversity jurisdiction, Plaintiffs allege in the Complaint that all parties are citizens of New York. (Compl. 2, 4, 5–6). As a result, there is no diversity jurisdiction. *See Lovejoy*, 475 F. App'x at 792 (finding that diversity jurisdiction was precluded where both

parties were residents of New York). Nor does the Court have federal question jurisdiction. Plaintiffs allege common law fraud based on the transfer of the deed of the Property, which is a state law claim. *See SRM Glob. Master Fund Limited P'ship v. Bear Stearns Cos., L.L.C.*, 829 F.3d 173, 177 (2d Cir. 2016) (reciting elements of common law fraud under New York law); *Am. High–Income Trust v. Alliedsignal*, 329 F. Supp. 2d 534, 550 (S.D.N.Y. 2004) (explaining that the only jurisdictional basis for the plaintiff's claim for common law fraud would be supplemental jurisdiction).

Accordingly, the Court dismisses this case for lack of subject matter jurisdiction.

c. **Leave to amend**

In light of Plaintiffs' *pro se* status, the Court grants Plaintiffs leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. Plaintiffs must allege the basis for the Court's subject matter jurisdiction and include any and all allegations that they wish to pursue in their amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

### III. Conclusion

For the foregoing reasons, the Court dismisses the Complaint and grants Plaintiffs leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. Although Plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum and Order would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: July 30, 2019
      Brooklyn, New York

SO ORDERED:

     s/ MKB
MARGO K. BRODIE
United States District Judge